NO. 07-11-0435-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 29, 2012

_____


SILVERIO HERNANDEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2675-B; HONORABLE GORDON H. GREEN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to an open plea of guilty, Appellant, Silverio Hernandez, Jr., was convicted of burglary of a habitation[1] and sentenced to ten years confinement, suspended in favor of ten years community supervision, and assessed a $10,000 fine.

---

[1]Tex. Penal Code Ann. § 30.02(a) (West 2011).

In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

At approximately 1:30 a.m. on or about November 6, 2010, a lieutenant with the Muleshoe Police Department was dispatched to a residence on a call of suspicious activity. When he arrived, he observed Appellant and other individuals exiting the

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

house and an individual carrying an "armful of stuff" to a maroon SUV. When the individuals noticed the lieutenant, they dropped the items to the ground, jumped into the SUV and fled. The suspects were pursued by vehicle and then on foot. Appellant was eventually apprehended. He confessed to the crime.

When the case proceeded to trial a jury was selected, Appellant entered a plea of guilty and the case proceeded to the punishment phase. After presentation of the evidence, the State argued against community supervision and requested the jury to assess a "meaningful sentence in the penitentiary" based on other burglaries committed by Appellant in a nearby community. The defense pleaded for probation given that Appellant confessed to the crime and cooperated with police officers. After deliberating, the jury assessed a ten year sentence and a $10,000 fine and recommended suspension of the sentence, but not the fine.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle<br>Justice

Do not publish.